IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LISA MACHELL KELLEY,

      Plaintiff,

v.                                                                          CIVIL ACTION NO.: 1:22CV36 (KLEEH)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

# REPORT AND RECOMMENDATION

## I. Introduction

This action arises out of the denial of Plaintiff's applications for Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act.[1] Plaintiff maintains that the ALJ erred in several respects, and requests that this matter be remanded for further proceedings, up to and including assessment of benefits in Plaintiff's favor. *See* ECF Nos. 12 and 14. As will be explained herein, the undersigned would agree that remand is appropriate.

## II. Factual/Procedural History

Plaintiff's alleged disability onset date is January 31, 2016. R. 10. Plaintiff's claims were denied at the initial level, and upon reconsideration. *Id.* On October 5, 2021, the ALJ, Jeffrey LaVicka, held a telephonic hearing.[2] R. 49-70. On November 3, 2021, the ALJ issued a memorandum decision denying Plaintiff's applications. R. 10-22. Plaintiff appealed the ALJ's

---

[1] Plaintiff filed her Title XVI application for SSI on December 19, 2019. She filed her application for Title II DIB benefits on January 10, 2020. R. 10.
[2] The ALJ conducted the hearing telephonically due to the COVID-19 pandemic. *Id.*

decision to the Appeals Council, which denied Plaintiff's application for review on March 14, 2022. R. 1. Plaintiff now seeks relief in this Court.

### III. ALJ Decision

#### A. The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an

2

> adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920. If the claimant is determined to be disabled or not disabled at one of the five steps, the process does not proceed to the next step. *Id.*

### B. ALJ Findings

As an initial matter, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. R. 12.

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 31, 2016. R. 12. At step two, the ALJ found that Plaintiff has the following severe impairments: leg edema, degenerative disc disease of the lumbar spine, obesity, migraine headaches, neuropathy, gastroesophageal reflux disease (GERD), and hypertension. R. 13. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 13-15.

At step four (R. 15-20), the ALJ found that Plaintiff has the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to some additional nonexertional limitations. More specifically, [Plaintiff] must be afforded an allowance to alternate between the sitting or standing positions, for up to 2 minutes, at thirty-minute intervals without going off task. She can occasionally perform all postural activities but never climb ladders, ropes, or scaffolds. [Plaintiff] should also never operate foot controls with the bilateral lower extremities. [Plaintiff] must avoid concentrated exposure to extreme cold and heat, wetness and humidity, excessive vibration, chemicals, and irritants such as fumes, odors, dust and poorly ventilated areas. [Plaintiff] must avoid all exposure to unprotected heights, hazardous machinery, and commercial driving. Finally [Plaintiff] is limited to simple, routine and repetitive tasks, requiring only simple decisions, with no fast-paced production requirements and few workplace changes.

At step five, the ALJ found that Plaintiff is unable to perform any past relevant work. R. 20. The ALJ also found that, although Plaintiff was young at the time her disability arose, she subsequently changed age categories to closely approaching advanced age. At step six, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.*

## IV. Motions for Summary Judgment

### A. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff argues that the ALJ erred when he found Dr. Williams's expert opinion not persuasive because the ALJ ignored evidence regarding Plaintiff's leg edema when evaluating the supportability and consistency of Dr. Williams's expert opinion. Thus, the ALJ's decision is not supported by substantial evidence.

Plaintiff further argues that the ALJ erred when he equated Plaintiff's ability to perform activities of daily living with the ability to perform light work.

Plaintiff also argues that, when the ALJ rejected Plaintiff's statements concerning the frequency, intensity, and consistency of her symptoms as not being "entirely supported" by the record, the ALJ committed an error because he imposed upon Plaintiff a higher standard of proof than is required (preponderance of the evidence) by 20 CFR 404.953(a).

Finally, Plaintiff argues that the ALJ erred when he did not consider her need to elevate her legs during the workday, which, if properly acknowledged, would have resulted in a finding that Plaintiff is disabled.

### 2. Defendant's Arguments

Defendant argues that the standard for establishing disability under the Act is a stringent one, which Plaintiff did not meet. Defendant contends that the Court "need look no further than Plaintiff's activities of daily living to understand the ALJ's decision." ECF No. 13-1 at p. 1. Defendant further notes the deferential standard of review and argues that substantial evidence supports the ALJ's RFC determination, particularly the ALJ's treatment of Dr. Williams's opinion. Finally, Defendant argues that the ALJ properly treated Plaintiff's complaints in accordance with prevailing standards.

### B. The Standards

#### 1. Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

#### 2. Judicial Review

The Court's review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *Rogers v. Kijakazi*, ___ F.4th ___, 2023 WL 2564349, at * 2 (4th Cir. 2023).

"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

### C. Discussion

After considering the parties' briefs, the evidence of record, and the applicable law, the undersigned would conclude that this matter should be remanded for further proceedings because inadequacies in the ALJ's analysis frustrate meaningful review.

#### 1. Dr. Williams

"An ALJ's failure to address a medically determinable impairment that is supported by evidence in the record may be reversible error." *Lynda L. v. Berryhill*, 2019 WL 2026933, at * 6 (D. Md. May 8, 2019). Not every occurrence where an ALJ fails to address a medically determinable impairment requires remand. *Id.* "If an impairment the ALJ considered is 'inclusive' of the symptoms of the overlooked impairment, remand may not be necessary." *Id.* (citing *Bryant v. Colvin*, 571 F. App'x 186, 188 (4th Cir. 2014)).

However, if the symptoms of the impairment are not considered in one or more steps of the sequential analysis, "it is insufficient that the ALJ considered the symptoms in a later step." *Lynda*, 2019 WL 2026933, at * 6. "Such an approach subverts the integrity of the basic framework of the five-step sequential analysis." *Hair v. Astrue*, 2011 WL 2681537, at * 5 (E.D.N.C. June 16, 2011). "If found to be severe, the impact of an impairment, or combination of impairments, on a claimant's ability to do basic work activities is also to be considered at each subsequent step of the sequential analysis." *Id.*

"Remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016).

Here, Plaintiff argues that the ALJ's determination as to Dr. Williams's expert opinion is not supported by substantial evidence because the ALJ ignored evidence concerning Plaintiff's leg edema. The undersigned believes the issue is related, but slightly different. The undersigned cannot conduct a meaningful review of the ALJ's disability determination, including the ALJ's analysis regarding Dr. Williams's opinion, because the ALJ did not adequately address one of Plaintiff's severe impairments, i.e., leg edema.

The ALJ found at step two of his analysis that Plaintiff's leg edema is a severe impairment and that it "significantly limit(s) [Plaintiff's] ability to perform basic work activities as required by SSR 85-28." R. 13. This finding is supported by the evidence of record. *See* R. 364, 378-380, 546, 556, 565, 590, 592, 596, 598, 602, 605, 612, 615, 633, 636, 637, 649. Notwithstanding, the ALJ failed to address Plaintiff's leg edema beyond step two of the opinion. In particular, the ALJ failed to address Plaintiff's leg edema at step four of his decision wherein he explained the reasoning for his finding that Plaintiff is not disabled, even though he addressed Plaintiff's other severe impairments. *See* R. 15-20 (addressing by name the severe impairments of back and lower extremity pain, migraine headaches, hypertension, and GERD, but failing to discuss Plaintiff's lower extremity edema). The ALJ also failed to address the impact of Plaintiff's leg edema on her ability to do basic work activities, and in particular, Plaintiff's need to elevate her legs to alleviate swelling. Support for Plaintiff's need to elevate her legs can be found in the evidence of record. *See* R. 49-78, 645-46.[3] Support is also found in the testimony of vocational expert, Dr. Lawrence Ostrowski, as set forth during the October 5, 2021, hearing:

> Q (Plaintiff's attorney):

---

[3] Dr. Williams, Plaintiff's expert and treating physician, opined that the combination of Plaintiff's bilateral leg edema, lumbar impairment, and obesity can reasonably cause the need for Plaintiff to elevate her feet for 10-15 minutes every hour to try to alleviate any swelling that she may encounter. R. 646.

> Okay. And if a person needed to elevate her feet let's say waist high or higher or more for ten to 15 minutes every hour, how does that affect employment?
>
> A (Mr. Ostrowski):
>
> It would take the individual off task more than what would be acceptable for maintaining employment.

R. 69. The ALJ should have addressed this evidence at step four of his analysis. Because he did not, the ALJ failed to build a logical bridge from the evidence to his conclusion, i.e., that Plaintiff is not disabled. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). The undersigned therefore cannot meaningfully consider the ALJ's disability determination, and this matter should be remanded for further proceedings.

### 2. Activities of Daily Living

The undersigned would also conclude that the ALJ erred when he equated Plaintiff's ability to perform activities of daily living with the ability to sustain full time, competitive employment. The ALJ found that Plaintiff can "routinely complete[] household chores without difficulty; namely, sweeping, doing the dishes, taking out the trash, cooking, and folding laundry." R. 18. Plaintiff did not testify that she can complete household chores without difficulty. Rather, Plaintiff testified that after completing household chores, such as sweeping, taking out the trash, folding laundry, and cooking, Plaintiff must put her feet up because of the swelling in her legs. R. 61-65. This claim is consistent with the evidence of record, cited above, and Dr. Williams's expert opinion, which the ALJ did not address (insofar as Plaintiff's leg edema is concerned). Notwithstanding, and even if Plaintiff could perform activities of daily living without difficulty, "[t]he ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." *Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995).

3.  **Standard**

With respect to Plaintiff's argument that the ALJ used an incorrect standard when evaluating Plaintiff's claim, the undersigned is not persuaded. Plaintiff takes issue with the ALJ's use of the phrase "not entirely supported." ECF No. 12-1 at p. 13. The undersigned does not believe that this phrase implies the standard utilized by the ALJ when evaluating whether Plaintiff's statements are consistent with the objective medical evidence and other evidence of record. Rather, it appears the ALJ utilized the phrase "not entirely supported" as another way to convey that Plaintiff's statements were not consistent with the evidence of record. A review of the ALJ's opinion supports this understanding. *See generally* R. 18-20.

## V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion [12] for Summary Judgment be **GRANTED** and Defendant's Motion [13] for Summary Judgment be **DENIED**. The undersigned would further **RECOMMEND** that this matter be **REMANDED** for further administrative proceedings.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report</u>**

**and Recommendation**. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 27th day of March 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE